Duer, J.
This is a motion on the part of the defendant to strike out the verification of the complaint as not warranted by the provisions of the code. The motion was heard by me at chambers ; but as it raised a question of some difficulty, and which, it seemed to me, from its practical importance, ought to be definitively settled, I have consulted my brethren, and the opinion which I now give, is to be considered as that of the court.
The complaint is for goods sold and delivered, and the objection to the verification is, that the affidavit is made, not by the plaintiff, but by his attorney, and is founded solely upon his information and belief; and the validity of the objection depends entirely upon the construction to be given to § 157 of the code ; a section which, it must be owned, is not quite so lucidly expressed, as might reasonably be wished.
The first clause of this section, after prescribing the form of the verification, declares that it must be by the affidavit of the party, “or if there be several parties united in interest, and pleading together, by - one at least óf such parties acquainted with the facts, if such party be within the county where the attorney resides, and capable of making the affidavit.”
*651 The words “ if such party be within the county, &c.,” it seems to us, certainly imply, that when the party is absent or incapable, the necessary affidavit may be made by a third person, for unless the words carry with them this implication, they are not merely superfluous, but senseless. They are positively unmeaning, and serve only to perplex the construction, if the intention was that, in all cases, the pleading must be verified by a party, or not be verified at all.
Stopping at this clause, we could not hesitate to say that the intention of the legislature that, during the absence or incapacity of his client, a pleading may be verified by the affidavit of the attorney, stating only his information and belief, although not expressed in terms, is sufficiently manifest, and this intention we are bound to carry into effect, unless it is contradicted and overruled by subsequent provisions.
It is said to be overruled by the clause which immediately follows, and which is thus expressed :—“ The affidavit may also be made by the agent or attorney, if the action or defence be founded upon a written instrument for the payment of money only, and such instrument be in possession of the agent or attorney, or, if all the material allegations of the pleading be within the personal knowledge of the agent or attorney and if this clause must be understood as specifying the only cases, in which a pleading can be verified by the affidavit of, the agent or attorney, it certainly follows, that there is no case in which the affidavit of a third person, founded solely upon information and belief, can be admitted. But such is not the necessary, nor, we are persuaded, the reasonable interpretation of the clause. We think it may well be construed as designed, only, to modify the general rule before declared, by providing that, even where the party is within the county and capable of making the affidavit, it may be made by an agent or attorney, having a personal knowledge of the facts, or the possession of the written instrument upon which the action or defence is founded. The use of the word “ also,” forcibly suggests this, as the true construction, and by adopting it,.the provisions of the section are rendered entirely consistent. The necessary affidavit may be made by a third person, since it is only required to be made by the party, when he is, at the time, within the county, and is capable of *652 making it; and even then, it may also be made, in the special cases that are mentioned, by his agent or attorney.
We are confirmed in the opinion, that this is the true construction, by adverting to the terms of the corresponding clauses in the code of 1849 ; these are as follow :—“ Where a pleading is verified, it shall be by the affidavit of the party, unless he be absent from the county in which the attorney resides, or for some cause unable to verify it, ob the facts abb WITHIN THE KNOWLEDGE OF HIS ATTORNEY OR OTHER PERSON verifying the same,” plainly meaning, that in each of those cases the pleading might be verified by the affidavit of a third person, and not requiring the knowledge of the attorney as a condition of his making it, unless the party was neither absent nor incapable. The disjunctive “ or ” proves this to have been the meaning, as it was the established construction, and, we apprehend, that the only alteration, not merely verbal, made by the present code, is that t'he possession by the agent or attorney of the written instrument, upon which the action or defence is founded, is declared equivalent to his knowledge of the facts ; that is, gives him the same right of verifying the pleading. Again in the code of 1849, the words we have quoted were followed by this clause :—“ Where the pleading is verified by the attorney or any other person except the party, he shall set forth in the affidavit his knowledge or the grounds of his belief upon the subject, and the reasons why it is not made by the party.” This clause (omitting only the words “ the attorney or ” and substituting the word “than” for “except,” changes wholly immaterial), is found in the present code, and we think ought to be construed in the sense in which it was first enacted. So long as the code of 1849 was in force, the necessity of setting forth in the affidavit of any other person than the party “ the grounds of his belief,” could only exist when the pleading was verified, during the absence or inability of the party, and our conviction is that it is for the purpose of meeting the same cases, that the words,' creating the necessity, have- been retained. Indeed, unless the same cases may now occur, and the words in question are thus construed, they are wholly useless.
We add as an additional and very strong reason for rejecting that restricted interpretation of § 157, upon which the defendant *653 has insisted, that its adoption, in practice, would lead in numerous cases to great inconvenience and delay, and might even operate, in some, to defeat wholly the ends of justice. In expounding a statute, the “ argumentum ab inconvenienti ” is always entitled to great weight, since it ought never to be supposed, when the language is doubtful, that the legislature intended consequences, which it was easy to foresee, and most desirable to prevent.
Our conclusion is, that the motion for striking out the verification of the complaint, as a suEcient reason is stated for its not being made by the party, must be denied ; but as the question was new, and the practice unsettled, it is denied without costs. We are aware that in a recent case (Hunt v. Meacham, 6 How. P. C., p. 400), a judge of the supreme court, whose opinions are entitled to great respect, has followed that construction of the code which we have rejected ; but judging from the report, the views, that have governed us, do not seem to have been presented to the mind of the learned judge, and it is due to candor to say, that my first impressions coincided with those to which he has yielded.