## KIRKLAND *vs.* AIKEN & ADAMS.

In cases where an agent of the plaintiff is authorized, by the Code, to verify the complaint on the ground that the action is upon a promissory note, which is in the agent's possession, he may also properly verify the *reply* of the plaintiff, in the same action.

THIS was an appeal from an order made at a Special Term in Cayuga county.

The action is upon a promissory note, and the complaint was verified in Cayuga county by the agent of the plaintiffs, having in his possession the note on which the action is brought, according to the provisions of section 157 of the Code. The defendants, in their answer, alleged that the note was given on the purchase by the defendant of certain goods of the plaintiffs, and setting up, by way of defence, a warranty of quality of the goods, and a breach thereof, claiming damages therefor. The plaintiffs' attorney served a reply to the counter claim, also verified by the agent, by an affidavit in which he states that he is the agent of the plaintiffs for the purpose of collecting the demand set forth in the complaint; that the action is founded upon a written instrument for the payment of money only; that such instrument is in the possession of the deponent; and it also states the grounds of his belief as to the truth of the allegations of the reply, and the reasons why the verification is not made by the plaintiffs. The defendants' attorney returned the reply, on the ground, amongst others, that it was not properly verified. A special motion was made, on which the question arose, and the Special Term held the verification sufficient; from which decision the defendants appealed.

*W. T. Worden,* for the appellants.

*J. D. Wright,* for the respondents.

PER CURIAM. The reply ordered to be received is verified by an agent. He states in his affidavit, and it appears by the complaint, that the action is founded on

Kirkland v. Aiken.

a written instrument for the payment of money only, to wit., a promissory note which is in the possession of the agent. And the verification in other respects complies with the requirements of the 157th section of the Code in cases where the verification is by an agent. The defendants insist that the verification can be made by the agent, upon the ground that the written instrument is in his possession, only when the particular pleading attempted to be verified is founded upon the written instrument. Such is not the literal provision of the Code. Section 156 provides that "when any pleading is verified, every subsequent pleading, except a demurrer, must be verified also." Section 157 declares that, "The affidavit may also be made by the agent or attorney, if the action or defence be founded on a written instrument for the payment of money only, and such instrument be in the possession of the agent or attorney."

In this case the action "is founded on a written instrument for the payment of money only, and such instrument is in the possession of the agent." Whatever plausibility there may be in the argument that the possession of the written instrument does not, in a case like the present, help the agent to any knowledge or information concerning the truth of the matters alleged in the reply. Yet reasons might be suggested why the legislature should have intentionally provided that the agent, who is competent to verify the complaint for this reason, should also be permitted to verify the reply, and be enabled to bring the action to a speedy issue. At all events, the alleged absurdity is not so manifest as to require us to put a construction upon this provision of the Code which is not in accordance with its clear and explicit language.

The order appealed from is affirmed with $10 costs of the appeal.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, November, 1870. *Mullin, Johnson* and *Talcott,* Justices.]