EDMUND B. HYDE and Others, Respondents, *v.* GEORGE SALG, Appellant.

*Action upon a written instrument for the payment of money only — verification of the complaint by the plaintiffs' attorney — when it is sufficient — Code of Civil Procedure, sec. 525.*

In an action by the drawers of a draft against the acceptor thereof, the complaint was verified by one of the plaintiffs' attorneys. At the end of the verification, which was in the usual form, were added these words: "That said action is founded upon a written instrument for the payment of money only now in deponent's possession for collection, which said instrument is the source of deponent's information and belief."

*Held,* that the verification was sufficient; that it was not necessary that it should state why the verification was made by the attorney instead of the party.

Appeal from an order of the Special Term of Onondaga county, denying a motion to set aside a judgment, entered for want of an answer.

The defendant served an answer and the plaintiffs returned it because it was not verified. The defendant claimed that the verification of the complaint was defective, and that therefore an unverified answer could be served. The two defects relied upon by the defendant were, viz.: 1st. That the affidavit of verification did not state some reason "why the affidavit of verification was not made by the party." 2d. "That the affidavit did not state the grounds of the deponent's belief and knowledge."

The action was upon a draft drawn by the plaintiffs on, and accepted in writing by the defendant. The verification was as follows:

"William G. Tracy, being duly sworn, says that he is one of the attorneys for the plaintiffs in the above entitled action, and that the

within complaint is true to his knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true. That said action is founded upon a written instrument for the payment of money only now in deponent's possession for collection, which said instrument is the source of deponent's information and belief.

"W. G. TRACY."

Sworn and subscribed before me, }
 the 4th day of January, 1872.  }

G. W. WISNER,<br>
*Notary Public, Onondaga County.*

*Kennedy & Tracy,* for the respondents.

*S. I. Billington,* for the appellant.

HARDIN, J.:

Section 525 of the Code of Civil Procedure expressly enacts as to verification : " Where the action or defense is founded upon a written instrument for the payment of money only, which is in the possession of the agent or the attorney."

1. Mr. Tracy's affidavit states (1) that he is one of the attorneys of the plaintiffs, and (2) that the action is founded upon a written instrument for the payment of money only, now in (his) deponent's possession for collection, which said instrument is the source of deponent's information and belief.

If the affidavits had used the words, " the ground of his belief," instead of the " source of deponent's *information and* belief," it would have been in the exact language of section 526, of the Code of Civil Procedure. However, it was in substantial compliance with the requirement of that section in that regard. The criticism made by the appellant, that the affidavit is wanting in " the reason why it is not made by the party " is unsound. The provision of section 525, we have quoted, allows the verification to be made by an attorney when the action is founded upon a written instrument for the payment of money, which is in the possession of the attorney, and those facts when stated constitute the reason why the attorney verifies.

If otherwise, those facts appear, he is by the statute authorized to verify, and we cannot see any more beneficial compliance with the statute to be gained by requiring the attorney to state as a reason why he verifies, that the facts he has stated authorize him to verify. He has, by the statement of those facts, brought his case within the provision of the statute; and therefore, he has shown "the reason why" the verification is not made by the party. (See *Ross* v. *Longmuir,* 24 How., 49 ; *Smith* v. *Rosenthall,* 11 id., 442; *Lefevre* v. *Latson,* 5 Sandf., 650; *Wheeler* v. *Chesley,* 14 Abb., 441; *Gourney* v. *Wersuland,* 3 Duer, 613.) The point decided in *Kirkland* v. *Aiken* (66 Barb., 211), has no bearing upon the questions presented by this appeal. The notice accompanying the return of the defendant's answer was sufficiently definite. (*Snape* v. *Gilbert,* 13 Hun, 495.) The order should be affirmed, with ten dollars costs and disbursements.

Smith, P. J., and Haight, J., concurred.

Order affirmed, with ten dollars costs and disbursements.